# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| JOEL E. PULLETT | CIVIL ACTION |
| VERSUS | NUMBER 11-107-BAJ-DLD |
| SUN TRUST BANK & KAPLAN AUTO SALES/DEVEDA LEE | |

## MAGISTRATE JUDGE'S REPORT

This matter is before the court on an initial screening of plaintiff's complaint, brought *in forma pauperis* under 28 U.S.C. § 1915(e), which provides that a court shall review, as soon as practicable after docketing, a newly filed complaint and shall dismiss same, or any portion of same, if the Court determines that the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted."

A review of plaintiff's complaint revealed only the following facts:

1.  Plaintiff resides in Baton Rouge, Louisiana;

2.  An unnamed defendant in located in Adairsville, Georgia;

3.  Plaintiff was trying to purchase a 1983 Oldsmobile from [www.craigslist.com;](www.craigslist.com) and

4.  Plaintiff wants his money back because "they" did not deliver the car on February 9, 2011.

Other than these few alleged facts, plaintiff's complaint failed to state the grounds for filing this case in federal court, failed to identify the citizenship of each defendant, and failed to provide factual allegations sufficient to allow this court to make a determination regarding jurisdiction over his claims. For example, plaintiff does not explain how each defendant was or is involved in the purchase transaction.

Due to plaintiff's failure to provide the grounds of his entitlement to relief, the court ordered that plaintiff file an amended complaint which corrected the noted deficiencies. (rec. doc. 3) Such amended complaint was due within 30 days of the court's order of March 16, 2011. Plaintiff failed to comply with the court's order to file an amended complaint.

Under 28 U.S.C. § 1915(e), this court shall dismiss an action brought *in forma pauperis* if satisfied that the action is frivolous, malicious, or fails to state a claim upon which relief may be granted. *Green v. McKaskle*, 788 F.2d 1116 (5th Cir. 1986). An *in forma pauperis* suit is properly dismissed as frivolous if the claim lacks an arguable basis in either fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 112 S. Ct. 1728, 118 L.Ed.2d 340 (1992), *citing Neitzke v. Williams*, 490 U. S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); *Hicks v. Garner*, 69 F.3d 22 (5th Cir. 1995). If a complaint is based on an indisputably meritless legal theory, it lacks an arguable basis in law and may be dismissed as frivolous. A complaint may also be dismissed as frivolous if it lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless.[1] The court has broad discretion in determining the frivolous nature of a complaint. *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993). This discretion includes not only the "authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitze*, at 327. A §1915(e) dismissal may be made at any time before or after service of process and before or after an answer is filed. *Green v. McKaskle*,

---

[1] *See Denton v. Hernandez*, 504 U.S. 25, 32-33, 112 S.Ct. 1728, 1733-34 (1992).

*supra*.[2] Also, in an action filed *in forma pauperis*, the court may raise on its own volition the issue of whether an action is malicious or frivolous under § 1915(e),[3] and may test the complaint even before service of process.[4] Here, the facts as alleged in the complaint fail to state a claim upon which relief may be granted; thus, his complaint must be dismissed under § 1915(e).

## RECOMMENDATION

It is the recommendation of the magistrate judge that plaintiff's complaint be dismissed, without prejudice, under § 1915(e) for failure to state a claim upon which relief may be granted.

Signed in Baton Rouge, Louisiana, on May 9, 2011.

**MAGISTRATE JUDGE DOCIA L. DALBY**

---

[2] Moreover, courts have a continuing duty to examine their own jurisdiction, and are required to dismiss sua sponte any action over which they lack jurisdiction. *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982).

[3] *See Neitzke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 1833 (1989).

[4] *See Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594 (1972), and *Green v. McKaskle*, 788 F.2d 1116 (5th Cir. 1986).

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| JOEL E. PULLETT | CIVIL ACTION |
| VERSUS | NUMBER 11-107-BAJ-DLD |
| SUN TRUST BANK, ET AL | |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have 14 (fourteen) days from date of receipt of this notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. A failure to object will constitute a waiver of your right to attack the factual findings on appeal.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on May 9, 2011.

MAGISTRATE JUDGE DOCIA L. DALBY